Kaveh Bastani OSKOUI, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 03–73068.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 21, 2006.

Bruce C. Wong, Esq., Duxford Law
Group, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Of-
fice of the District Counsel, Department of
Homeland Security, San Francisco, CA,
Lyle D. Jentzer, Esq., Jennifer Levings,
Esq., U.S. Department of Justice, Civil
Div./Office of Immigration Lit., Washing-
ton, DC, for Respondent.

Before: FERNANDEZ, RYMER, and
BYBEE, Circuit Judges.

MEMORANDUM **

Kaveh Bastani Oskoui, a native and citi-
zen of Iran, petitions for review of the

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the

courts of this circuit except as provided by
9th Cir. R. 36–3.

decision of the Board of Immigration Appeals ("BIA") affirming, without opinion, an immigration judge's ("IJ") decision denying his applications for asylum, withholding of deportation, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's decision for substantial evidence. *Nahrvani v. Gonzales*, 399 F.3d 1148, 1151 (9th Cir. 2005). We deny the petition for review in part, grant it in part, and remand.

■ An application for asylum must be denied if the alien has firmly resettled in another country. *See* 8 U.S.C. § 1158(b)(2)(A)(vi). Substantial evidence supports the presumption that Oskoui was firmly resettled in Germany, where he lived for 19 years before entering the United States. *See Cheo v. INS*, 162 F.3d 1227, 1229–30 (9th Cir.1998). Oskoui failed to rebut this presumption because he conceded that he could have renewed his status and applied for permanent residence in Germany. *See id.* at 1230 ("[W]here the duration and circumstances indicate that the asylum seeker may remain in the third country, then it is incumbent upon him to show the contrary."). Oskoui also failed to show that the "conditions of his … residence in that country were so substantially and consciously restricted by the authority of the country of refuge that he … was not in fact resettled." 8 C.F.R. § 1208.15(b). Oskoui may not overcome a finding of firm resettlement by showing that he is now unable to renew his previous status in Germany. *See Vang v. INS*, 146 F.3d 1114, 1117 (9th Cir.1998).

■ We reject the government's contention that Oskoui failed to exhaust his with-

holding and CAT claims because his brief before the BIA specifically challenged the IJ's findings with respect to those claims. We agree with Oskoui that the IJ failed to consider the persecution Oskoui might face in Iran as a Muslim who has converted to Christianity and is therefore subject to severe punishment for apostasy. We therefore remand for further proceedings on Oskoui's withholding and CAT claims.

**PETITION FOR REVIEW DENIED in part, GRANTED in part; REMANDED**